UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JACOB J GALLEGOS,

           Petitioner,

v.                                                          Case No. 24-cv-1576-bhl

BRADLEY MLODZIK,

           Respondent.

---

## SCREENING ORDER
---

On December 9, 2024, Jacob Gallegos, a state prisoner incarcerated at Waupun Correctional Institution, filed a petition for writ of habeas corpus under 28 U.S.C. §2254. (ECF No. 1.) On December 23, 2024, he paid the $5.00 filing fee, and his petition is ready for screening.

### SCREENING THE PETITION

Rule 4 of the Rules Governing §2254 Cases requires the Court to screen Gallegos's petition. The rule provides:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing §2254 Cases. During its initial review of a habeas petition, the Court examines whether the petitioner has set forth cognizable constitutional or federal law claims and tries to confirm that those claims have been exhausted in state court.

### BACKGROUND

On June 23, 2017, Gallegos was convicted by a Kenosha County jury on one count of first-degree reckless injury, three counts of first-degree recklessly endangering safety, two counts of second-degree recklessly endangering safety, and thirteen counts of felony witness intimidation. (ECF No. 1 at 2.) He was sentenced to serve more than 22 years in prison with another 15 years of extended supervision. (*Id.*) On July 26, 2021, Gallegos filed a motion for postconviction relief claiming that he received ineffective assistance of counsel and the circuit court relied on an

improper factor during sentencing. (*Id.* at 3.) The circuit court denied the motion and Gallegos appealed. The Wisconsin Court of Appeals summarily affirmed his convictions on August 2, 2023. (*Id.*) He petitioned the Wisconsin Supreme Court for review and was denied review on December 12, 2023. (*Id.* at 4.) It appears from his petition that Gallegos did not petition the United States Supreme Court for a writ of certiorari.

Gallegos filed this federal habeas petition on December 9, 2024. He asserts three grounds for relief: (1) trial counsel was ineffective for failing to call an eyewitness at trial; (2) the court relied on an improper factor at sentencing; and (3) appellate counsel failed to raise an issue Gallegos identified challenging the sufficiency of the evidence used to convict him. (*Id.* at 6–8; *see also* ECF No. 1-1 at 2.)

## ANALYSIS

A habeas petitioner is obligated to first exhaust his state court remedies before seeking relief in the federal district court. *See* 28 U.S.C. §2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in courts of the State."). According to his petition, Gallegos raised his first two grounds for habeas relief at each level of review in the state courts. (ECF No. 1 at 3–4.) But his petition does not suggest that he ever raised his third ground, relating to the alleged ineffectiveness of his postconviction and appellate counsel, in his state court proceedings. (*See id.* at 8; ECF No. 1-1 at 2.) Gallegos attaches a letter he apparently sent to appellate counsel asking him to raise the issue, (ECF No. 1-1 at 1), but nothing in the letter or elsewhere in the record indicates that this issue was ever presented for resolution by the state courts. Accordingly, it remains unexhausted and Gallegos's petition is a "mixed" petition, presenting both exhausted and unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 271 (2005).

District courts are prohibited from adjudicating mixed petitions for habeas relief. *Id.* at 273 (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). Because habeas petitions are subject to a 1-year statute of limitations, 28 U.S.C. §2244(d), the court has limited discretion to stay a habeas petition to allow the petitioner to exhaust unexhausted claims. This discretion must be used sparingly and only when the petitioner would otherwise lose the opportunity to seek habeas relief at a later date. *See id.* at 277–79. If the petitioner is able to exhaust his unexhausted claims and then return to

federal court with a timely habeas petition, the court should dismiss the petition without prejudice. *See id.* at 274; *see also Hamilton v. Meisner*, 841 F. Supp. 2d 1064, 1069 (E.D. Wis. 2012).

The one-year limitations period for habeas actions begins to run from the latest of "the date on which the judgment became final by the conclusion of direct review *or the expiration of the time for seeking such review.*" 28 U.S.C. §2244(d)(1)(A) (emphasis added). The limitations period begins to run (i) when all direct criminal appeals in the state system are concluded, followed by either completion or denial of certiorari proceedings before the United States Supreme Court; *or* (ii) when, if certiorari was not sought, all direct criminal appeals in the state system are concluded, followed by the expiration of the time allotted for filing a petition for writ. *See Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002). The period for filing a petition for writ of certiorari in the U.S. Supreme Court is 90 days after denial of review by the state supreme court. Sup. Ct. R. 13.1; *see also Anderson*, 281 F.3d at 675. The Wisconsin Supreme Court denied Gallegos's petition for review on December 12, 2023, which made his deadline for filing with the U.S. Supreme Court March 11, 2024. His deadline to file a federal habeas petition is therefore March 11, 2025.

Because Gallegos has more than two months remaining to file a timely federal habeas petition, he is not in danger of losing his opportunity for federal habeas review. Accordingly, the Court will dismiss his petition without prejudice so that he may return to state court and exhaust his unexhausted claim. Alternatively, Gallegos may choose to proceed immediately by refiling a new federal habeas petition that presents only his exhausted claims.

Accordingly,

**IT IS HEREBY ORDERED** that Jacob Gallegos's petition for writ of habeas corpus, ECF No. 1, is **DENIED without prejudice** for failure to exhaust. The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on December 30, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge